IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

     **Plaintiff,**

     v.                                  **CASE NO.  23-3223-JWL**

HAYLEE HARRIS, et al.,

     **Defendants.**


**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Jeffrey L. McLemore is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed or stayed due to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971).

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ").  The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 6).

Plaintiff claims in his Complaint that Officer Haylee Harris responded to a call regarding an unconscious white male at Kathy Johnson's residence.  (Doc. 5, at 2.)  Plaintiff states that he was the person lying unconscious on the floor.  Harris began CPR until EMS arrived on the scene and administered Narcan, finally reviving Plaintiff.  *Id*.  Plaintiff alleges that he was alert and answering questions when Harris instructed EMS to reach into Plaintiff's front right pocket to remove several items that were handed to Harris who then placed them on the banister.[1]  *Id*. at 3.

---

[1]   In his original Complaint (Doc. 1), which was not submitted on a court-approved form, Plaintiff indicated that an "empty unused syringe stuck out of the top of [Plaintiff's] 5th pocket."  (Doc. 1, at 3.)

Plaintiff alleges that he was transported by EMS to the Salina Regional Hospital where hospital officers arrived and began instructing Plaintiff to stand and told him that he had warrants.  Plaintiff stood and was searched without officers asking for identification.  *Id*.

Plaintiff alleges that Officer Dickerson received a basket of Plaintiff's clothes from Kathy Johnson while at her apartment during the medical assist call.  *Id*.  Plaintiff alleges that Dickerson searched Plaintiff's "personal effects" without permission and found "identifying documents" that "ultimately end[ed] in [] unlawful counts and warrants check."  *Id*.

Plaintiff alleges unlawful search and seizure, and unlawful detention.  *Id*. at 4.  Plaintiff names as defendants Salina Police Officers Haylee Harris and William Dickerson.   Plaintiff seeks punitive, nominal, and compensatory damages, and unspecified injunctive relief.  *Id*. at 6.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Court may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff suggests that his claims relate to pending state criminal proceedings in Saline County, Kansas. If so, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th

Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff has filed a Motion Requesting Stay of Proceedings (Doc. 3) stating that he is seeking a stay under Fed. R. Civ. P. 23 due to his pending criminal case.  Plaintiff acknowledges he has a pending criminal case, but states that he must file this case now due to the two-year statute of limitations.

Rule 23 of the Federal Rules of Civil Procedure deals with class actions.  Plaintiff has not indicated how the rule provides support for his request for a stay.  Because the Court is ordering

Plaintiff to respond to this Memorandum and Order to Show Cause, the Court denies the request for a stay at this time and without prejudice.  If Plaintiff responds indicating that he has state criminal proceedings relating to his claims that are pending, and he seeks monetary damages, the Court will reconsider granting a stay.

## IV.  Response Required

Plaintiff is required to show good cause why this action should not be dismissed or stayed due to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971).  Plaintiff's response to this Memorandum and Order to Show Cause should indicate whether or not Plaintiff's claims relate to ongoing state criminal proceedings and whether any such proceedings remain pending.  Plaintiff should also indicate whether or not he is seeking monetary damages in this case, and if so, whether the case should be stayed pending resolution of any pending state criminal proceedings.  Failure to respond may result in dismissal of this case without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's Request for Stay of Proceedings (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 6) is **granted.**  Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 27, 2023,** in

which to show good cause, in writing to the undersigned, why this action should not be dismissed or stayed due to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971).

**IT IS SO ORDERED**.

**Dated October 27, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**