IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

    **Plaintiff,**

    v.                                                CASE NO.  23-3223-JWL

HAYLEE HARRIS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 27, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC"), ordering Plaintiff to show good cause, in writing, why this action should not be dismissed or stayed due to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971).

The Court found that it may be prohibited from hearing Plaintiff's claims under *Younger*. (Doc. 7, at 4.) The MOSC provides that "[i]f Plaintiff responds indicating that he has state criminal proceedings relating to his claims that are pending, and he seeks monetary damages, the Court will reconsider granting a stay." *Id*. at 6. The MOSC provides that "Plaintiff is required to show good cause why this action should not be dismissed or stayed due to the abstention doctrine set forth in *Younger*." *Id*. The MOSC provides that Plaintiff's response "should indicate whether or not Plaintiff's claims relate to ongoing state criminal proceedings and whether any such proceedings remain pending" and "should also indicate whether or not he is seeking

1

monetary damages in this case, and if so, whether the case should be stayed pending resolution of any pending state criminal proceedings." *Id*.

The MOSC states that "[f]ailure to respond may result in dismissal of this case without prejudice." *Id*.  Plaintiff has failed to respond to the MOSC by the Court's deadline.  Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."  *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated December 7, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
